United States District Court
Southern District of Texas
**ENTERED**
October 29, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD HUFF, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-220 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Richard Huff is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the Eastham Unit in Lovelady, Texas. Proceeding *pro se*, petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on April 30, 2015.[1] Petitioner claims that his constitutional rights were violated during plea proceedings. Respondent filed a motion for summary judgment on August 5, 2015 to which Petitioner did not respond (D.E. 8). For the reasons set forth below, it is recommended that Respondent's Motion for Summary Judgment be granted and Petitioner's Application for Habeas Corpus Relief be dismissed with prejudice because it is barred by the statute of limitations. It is further recommended that any request for a Certificate of Appealability be denied.

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on April 30, 2015 and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

## JURISDICTION

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is proper in this court because Petitioner was convicted in Nueces County, which is located in the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

On March 29, 2007 Petitioner was indicted in the 319th Judicial District Court of Nueces County, Texas on one count of aggravated assault causing bodily injury with a deadly weapon following an incident where he stabbed his wife with a knife. He previously had been convicted of robbery and burglary (I CR 2-3; D.E. 9-21, pp. 7-8).[2]

Petitioner signed a judicial confession and stipulation on November 27, 2007 (I CR 226-227; D.E. 9-25, pp. 26-27). He entered a plea of "no contest" without a plea bargain and a punishment hearing was held before the court. Petitioner argued and presented evidence that he had long suffered from mental illness and that at the time he stabbed his wife he was off his medication and under a great deal of stress. The court ordered Petitioner to serve fifty years in TDCJ-CID (I CR 265-266; D.E. 9-25 at 6-7).

Petitioner filed a direct appeal and on August 20, 2009 the Thirteenth Court of Appeals affirmed his conviction. *Huff v. State*, No. 13-07-739-CR, 2009 WL 5247435 (Tex. App.-- Corpus Christi 2009, writ dism'd)(located herein at D.E. 9-10). Petitioner sought and received two extensions of the deadline to file a petition for discretionary review (PDR) and the deadline was extended to December 7, 2009 (D.E. 9-6).

---

[2] "CR" refers to the Clerk's record in this case, located at D.E. 21 through D.E. 26.

Nevertheless, he was unable to meet the deadline and his PDR was dismissed as untimely filed on February 17, 2010. *Huff v. State*, No. PD-1329-09 (Tex. Crim. App. 2010)(D.E. 9-3).

On January 20, 2015 Petitioner filed an application for habeas corpus relief in state court. *Ex Parte Huff*, WR-82,937-01 at 2-44 (D.E. 9-29 at 5-47). The State filed an answer and the trial court entered findings of fact and conclusions of law. On March 18, 2015 the Texas Court of Criminal Appeals denied Petitioner's application without written order on findings of the trial court without a hearing. *Id.* at "Action Taken" page (D.E. 9-28).

Petitioner filed this application in federal court on April 30, 2015 and argues that his trial counsel was ineffective for (1) failing to advise Petitioner of his right to an affirmative defense of insanity; (2) failing to obtain a second psychiatric examination of Petitioner and (3) failing to plead the affirmative defense of insanity. Petitioner also claims that he was actually innocent of the crime because he was unable to distinguish right from wrong at the time of the offense.

In his motion for summary judgment, Respondent argues that Petitioner's cause of action is barred by the statute of limitations. Although Petitioner did not respond to the motion for summary judgment, he argues in his application that he is entitled to equitable tolling of the statute of limitations because he was mentally incompetent and also that he is entitled to relief on the merits of his claims.

## APPLICABLE LAW

### A. Statute of Limitations

Respondent argues that petitioner's application for habeas corpus relief was filed outside the one-year limitation period set by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

(d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. Petitioner filed his current application for writ of habeas corpus after the effective date of the AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner's conviction became final on December 7, 2009, which was the expiration of the deadline for seeking a PDR in his case. 28 U.S.C. § 2244(d)(1)(A). He

had one year from that date, or until December 7, 2010, to file his federal petition. He did not file it until April 30, 2015, more than four years too late.

Under the statute, the time during which a properly filed application for state court collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2). *See also Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999). (petitioner entitled to equitable tolling from the time he filed his state habeas application until it was denied). However, Petitioner did not file his state habeas application until January 20, 2015, after the limitations period had expired. Thus, it did not toll the statute of limitations. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner argues that he is entitled to equitable tolling of the statute of limitations. "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008)(quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)(per curiam)). The AEDPA one-year limitations period is not jurisdictional and is subject to equitable tolling at the discretion of the district court. *Id.* (citing *United States v. Wynn*, 292 F.3d 226, 229-230 (5th Cir. 2002)).

Equitable tolling is permissible only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman,* 184 F.3d at 402 (citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A garden variety claim of excusable neglect does not support equitable tolling. *Id.* (internal citations and quotations omitted). A petitioner seeking to have the AEDPA limitations period tolled must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in the way of his timely filing his habeas petition. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). The diligence required for equitable tolling is reasonable diligence, not maximum feasible diligence. *Holland v. Florida*, 560 U.S. 2549, 2565 (2010)(internal citations and quotations omitted).

Petitioner let five years pass after his conviction became final before he filed his state habeas so it cannot be said that he acted with reasonable diligence. Also, he has described no circumstance that stood in the way of his filing. Because Petitioner has not shown that he has been pursuing his rights diligently or that an extraordinary circumstance stood in the way of his timely filing his habeas petition, he is not entitled to equitable tolling.

Petitioner also contends that he is making an actual innocence claim and that a plea of actual innocence can overcome the habeas statute of limitations. Petitioner is correct that "[a]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). To meet the

threshold requirement, a petitioner must show that in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995) and *House v. Bell*, 547 U.S. 518, 538 (2006)).

Petitioner has not described any newly discovered evidence that he could present if allowed to proceed with his claim. He claims that mental health records would have shown that he was insane at the time he committed the offense, but the records were available at the time of trial and evidence of Petitioner's mental illness was considered by the court. Thus, Petitioner is not entitled to waiver of the statute of limitations based on his allegation that he is actually innocent of the crime. His application for habeas corpus relief should be dismissed with prejudice because it is time-barred.

**B.  Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S.Ct. at 1604 (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find it debatable that Petitioner's claims are time-barred. Therefore it is further recommended that any request for a COA be denied because he has not made the necessary showing for issuance of a COA.

## RECOMMENDATION

It is respectfully recommended that Respondent's motion for summary judgment (D.E. 8) be granted. Petitioner's application for habeas corpus relief should be dismissed with prejudice because it is time-barred. It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 29th day of October, 2015.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).